IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CAMBRIN BARNES**  **PLAINTIFF**
**ADC #147871**

v.                        No: 4:20-cv-00693 JM-PSH

**DEXTER PAYNE,** *et al.*                **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Cambrin Barnes, an inmate at the Maximum Security Unit of the Arkansas Division of Correction (ADC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 28, 2020, alleging that the conditions in punitive isolation violated his due process rights and amounted to cruel and unusual punishment (Doc. No. 2). On June 15, 2020, Barnes was granted leave to proceed *in forma pauperis*

("IFP") and ordered to file an amended complaint (Doc. No. 5). Barnes was instructed to amend his complaint to describe the conditions he endured while in punitive isolation and whether those conditions were harsh or different than his incarceration in the general population. He was also instructed to describe the personal involvement of each defendant in the constitutional violations he alleges. Finally, Barnes was warned that he may not rely on attached grievances or other documents in lieu of a short and concise statement describing his claims. Barnes was cautioned that an amended complaint would render his original complaint without legal effect and that only claims properly set out in the amended complaint would be allowed to proceed.

Barnes filed an amended complaint, naming two additional plaintiffs, that was wholly unrelated to his original complaint and did not comply with the Court's order directing him to amend (Doc. No. 6). The Court ordered that complaint to be stricken from the record and gave Barnes another opportunity to amend his complaint (Doc. No. 7). Barnes has now filed an amended complaint (Doc. No. 10).

The Court has reviewed Barnes' amended complaint and recommends that it be dismissed without prejudice for failing to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. In his amended complaint, Barnes generally alleges that all the named defendants violated his constitutional rights by not allowing him to have 48-

hour relief periods while he was assigned to punitive isolation. Doc. No. 10 at 4-5. He does not indicate how long he was assigned to punitive isolation. *Id.* He also alleges that defendants used the ADC's grievance procedure to keep him from bringing this lawsuit and generally complains about the grievance procedure. *Id.* at 5.

The Court construes Barnes' amended complaint as asserting claims under the Eighth and Fourteenth Amendments. Barnes also cites the First and Fifth Amendments, but his amended complaint does not implicate those constitutional amendments.

***Eighth Amendment Conditions Claim.*** In order to support an Eighth Amendment violation, a plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the 'minimal civilized measure of life's necessities.' . . . The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981) and *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)).

Barnes has not alleged facts showing that he was denied life's necessities such as food, shelter, and water or that he has suffered the unnecessary or wanton infliction of pain. In his amended complaint, Barnes describes no conditions he was subject to while in punitive isolation, and he does not describe how long he was held in punitive isolation without a 48-hour relief period.

***Fourteenth Amendment Due Process Claim.*** To state a due process claim, a plaintiff must "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). Barnes does not allege that he was deprived of property; accordingly, he must identify the deprivation of a liberty interest to sustain a due process challenge to his punitive sentence. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). An inmate has no liberty interest in avoiding segregated confinement or the suspension of privileges, because such punishment does not create an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). The loss of visitation, phone, or commissary privileges does not constitute atypical and significant hardships either. *See Phillips,* 320 F.3d at 847 (thirty-seven days in isolation and loss of privileges of contact visitation, exercise and chapel); *Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (thirty days suspension of mail, telephone, visitation and commissary privileges).

Although Barnes was specifically directed to describe how the conditions differ in punitive isolation compared to the general population, Barnes alleges no facts concerning the conditions he endured while housed in punitive isolation in his amended complaint. Doc. No. 10 at 4-5. Accordingly, Barnes describes no change in conditions that constitute the deprivation of a liberty interest and he therefore fails to state a viable due process claim.

***Grievance Procedure.*** Prisoners do not have a federally protected due process right to require prison officials to comply with internal rules or procedures. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Accordingly, Barnes' complaints regarding the grievance procedure are subject to dismissal.

### III.   Conclusion

For the reasons stated herein, it is recommended that:

1. Barnes' claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 18th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE